## TOOHEY *v.* HARDING.

*(Circuit Court, D. Maryland.* February 28, 1880.)

INVENTION—CLAIM—PATENT.—A patent only protects that part of an invention which the patentee sets out in his claim.

CONFLICTING INVENTIONS—COMMON PURPOSE OF TWO INVENTIONS.—The manufacture of a machine in accordance with a patent, without infringement of the claim of another patentee, cannot be restrained, although the machine incidentally accomplishes the purpose of the prior invention of such other patentee.

PATENT-OFFICE—EVIDENCE.—Certain certified copies of certain papers from the files of the patent-office, not purporting to be anything in the nature of a record, *held* admissible in evidence, in proof of facts pertinent to the issue.

Bill in equity to restrain infringement of patent.

MORRIS, J. The bill alleges that complainant is the inventor of an improvement in plaiting machines, whereby the case-board was provided with a removable strip, in combination with rods having heads, for which a patent, No. 192,098, was granted to her on June 19, 1877, in pursuance of her application therefor, dated May 25, 1876; that respondent's patent does not have, and does not pretend to have, that which is the peculiar feature of the invention of the complainant, to-wit: the removable strip in combination with the case-board, and plaiting rods having heads, as in her patent described; that respondent is making and vending machines containing the improvements and inventions of complainant, and, under color of his own patent, making machines having the inventions of complainant incorporated therewith.

Respondent, in his answer, alleges that he is manufacturing plaiting boards not in violation of complainant's rights, but under his own patent, No. 186,246, issued to him on January 16, 1877, in pursuance of his application therefor, made May 27, 1876; he having previously filed, on May 2, 1876, a caveat relating to his said patent. He denies that his machines have, or pretend to have, the peculiar feature of complainant's invention, but alleges that they are made strictly in accordance with his own patent, and are substan-

tially and materially different from the machines described in complainant's patent, and not an infringement thereof.

Upon an inspection of complainant's patent it appears that what she claims as her invention is the combination, in a plaiting board, of rods provided with heads, with a removable strip, by means of which all the rods can be withdrawn at once without loss of time, or disturbing the plaits, by simply detaching the strip. Her claim is confined to this.

The respondent claims, as his invention, a plaiting board made in sections, detachable one from the other, provided on the under side with dovetail grooves, to receive dovetail bars let into the main portion of the board; the purpose being to furnish a plaiting board capable of being easily made wider or narrower by adding strips, as might be needed, for goods of various widths.

He also claimed a peculiar method of fastening and unfastening the pins different from the complainant's method, the pins being the ordinary knitting needles, and without heads.

The testimony and exhibits satisfactorily show that each patentee is manufacturing in accordance with his and her own patent, and there does not appear to be any infringement, unless the patent of respondent, whose application was filed two days later than complainant's, is an interference with the patent granted to the complainant; that is to say, unless the invention claimed by the respondent is the same in whole or in part as that claimed by the complainant.

In considering this question it is to be noticed that no such interference is asserted by the complainant. She does not assail his patent and ask to have it, or any part of it, annulled, but her complaint is that respondent, notwithstanding the patent granted to him does not contain the peculiar invention of her patent, has incorporated her invention into the machines which, under color of his patent, he is manufacturing.

The rule of construction is that each patentee is restricted to the matters set out in his claim. The claim of the complainant is for rods with heads, in combination with a remova-

ble strip, and nothing more. The object to be accomplished was removing the rods without loss of time. The means were the headed rods, which were so arranged as to be all drawn out at once by pulling off the removable strip.

It is true that in her specifications she says that the width of the board may be increased at will, by adding a strip to one of the edges, but that is not part of the invention which she claims as hers, and which she is to be protected in. She is, therefore, without ground to complain of the infringement of anything except the combination of the headed rods with the removable strip.

There is no evidence that the respondent uses, or suggests to his purchasers that they shall use, headed rods, or that his object in making his board in the manner he does is other than the purpose set forth in the specifications of his patent, viz.: to enable the width to be enlarged or diminished. He uses, also, his own device for holding the rods on to the board. There is no evidence to show that the boards made by the respondent do, in fact, when used, accomplish the result proposed to be accomplished by the complainant's invention. It was suggested in argument that, as the respondent's board was made with a detachable strip, when the strip was removed, and the board tilted over and slightly shaken, the rods would all fall out, thus accomplishing the same result as when the headed rods were all forcibly drawn out by removing the strip in complainant's board. If this be in fact so, it is a result for which I cannot see that complainant has any remedy. The respondent has a right to manufacture in accordance with his patent, and if by so doing, and without infringing the claim of complainant, he produces a machine which incidentally, and without use of her invention, accomplishes the useful purpose of her invention, he may do so.

I have come to these conclusions without considering the evidence submitted by the respondent and excepted to by the complainant.

The certificate of the patent-office that the respondent filed

a caveat for a plaiting device on May 2, 1876, cannot be considered, as there is nothing to show what the device was.

The testimony of Charles B. Mann is not admissible for the reason that he is not an expert in the matter concerning which he gives an opinion. Objection is made to the admissibility of certified copies of certain papers from the files of the patent-office relating to the complainant's patent, upon the ground that these documents do not profess to be, and are not, a perfect or complete record of the matters to which they refer.

These certified copies purport to be: *First,* a copy of complainant's application, specifications and claim as first filed in the patent-office; *second,* a copy of a letter to her from the patent-office notifying her that her application was found to interfere with respondent's application, and that the subject-matter of the interference was "a plaiting board made in detachable sections, to permit of the plaiting machine being adjusted at different widths;" *third,* a copy of a paper by which she waived an appeal from the decision of the examiner of interferences; *fourth,* a copy of a communication dated June 9, 1877, addressed by her to the commissioner of patents, directing him to amend her claim by omitting the claim for the board adjustable for different widths, and leaving only the claim as we find it in the patent granted to her.

I think these papers are properly before the court. They do not profess to be anything in the nature of a record, but simply perfect transcripts of certain documents now on file in the patent-office. They tend to show that the complainant did originally, in her application, claim as her invention a removable strip for widening the plaiting board; that upon being notified that, in the opinion of the examiner of interferences, the claim made by her interfered with respondent's application, she waived an appeal and struck out that claim from her application.

These were facts pertinent to the issue, and which the respondent was entitled to prove by the best evidence he could procure. If they are not all the facts in connection

v.1,no.3—12

with the matter, no one knows it better than the complainant, and no one was better able than she to bring to the attention of the court any other documents of or facts tending in any way to explain them.

Without this documentary evidence, there being no evidence as to priority of invention or want of novelty, it would have been the duty of the court to restrain both patents, unless they were conflicting and both covered the same invention, and without it I should have sustained them. But this evidence serves to confirm that opinion, and shows very clearly how it occurs that in the specifications of complainant's patent there is a mention of the contrivance for widening the board which does not appear when she states what she claims as her invention, and also explains why it is that complainant does not attempt to assert that she is entitled to have the respondent's patent annulled as an interference with hers.

I will sign a decree dismissing the bill.